UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MICHAEL E. MALL, on behalf of
himself and all others similarly situated,

    Plaintiffs,

vs.                                                      CASE NO. 4:01-cv-044-WS

FIGG ENGINEERING GROUP,
a Florida corporation,

    Defendant.
_____/

## COMPLAINT

    1.    Plaintiff, MICHAEL MALL, (hereinafter referred to as "Plaintiff"), is a former employee of Defendant FIGG ENGINEERING GROUP, (hereinafter referred to as "Defendant") and brings this action on behalf of himself and other employees and former employees of Defendant similarly situated to him for compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b). Plaintiff is a citizen and resident of Taylor County, Florida within the jurisdiction of this Honorable Court.

    2.    Defendant, upon information and belief, is a Florida corporation that owns and operates an engineering/bridge building business with a business location and business operations in Tallahassee, Florida and within the jurisdiction of this Court.

01 JAN 29 PM 2:51

K.B.

FILED

3. This action is brought to recover from Defendant unpaid overtime compensation, liquidated damages, and costs and reasonable attorney's fees under the provision of Title 29 U.S.C. § 201 et seq., and specifically under the provisions of Title 29 U.S.C. § 216(b) (the "Act").

4. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). Defendant is, and at all times pertinent to this Complaint was, engaged in interstate commerce. At all times pertinent to this Complaint Defendant regularly owned and operated an engineering business and utilized goods which moved in interstate commerce. Based upon information and belief the annual gross volume of Defendant's sales was in excess of $500,000 per annum.

5. By reason of the foregoing, Defendant was during all times hereafter mentioned an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).

6. The additional persons who may become Plaintiffs in this action are hourly paid employees and/or former employees of Defendant who are or who were subject to the payroll practices and procedures described in Paragraph 10 and 11 below, who worked in excess of forty (40) hours during one or more work weeks beginning on or after February 1998, and who had their respective weekly pay reduced in violation of 29 C.F.R. § 541.118.

7. At all times pertinent to this Complaint Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and DOL Regulation 29 C.F.R. §§ 516.2 and 516.4 in that Plaintiff and those similarly situated to Plaintiff performed services for Defendant for

which no provision was made by the Defendant to properly pay Plaintiff for those hours.

8.  During February 1998, Plaintiff was hired by Defendant and he ceased performing services for Defendant during July 2000. By reason of such employment, Plaintiff was employed during such period by an enterprise engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff himself was engaged in commerce. The work performed by Plaintiff was directly essential to the engineering business of Defendant in interstate commerce, which was directly essential to the business performed by Defendant.

9.  Plaintiff's employment with Defendant provided for compensation at the hourly rate of $22.68 after May 8, 2000. Prior to May 8, 2000, Plaintiff's hourly rate of pay was $21.00.

10. Prior to May 8, 2000, Plaintiff was employed by Defendant in the position of "Senior Cadd Technician," which was designated by Defendant as a "Non-Supervisory Staff" position. Plaintiff's job duties did not change substantially during his tenure of employment with Defendant.

11. In the course of employment with Defendant Plaintiff and other similarly situated employees worked the number of hours required of them but were not paid time and one-half for all hours worked in excess of forty during a work week. Plaintiff and those similarly situated to him worked in excess of forty (40) hours per work week during one or more work weeks.

12. At all times material hereto, Defendant failed to pay Plaintiff time and one-half of his regular rate of pay for all Plaintiff's hours in excess of forty during a work

week. Based on information and belief, Defendant paid all its similarly situated hourly paid employees on this same basis.

13.     The records, if any, concerning the number of hours actually worked by Plaintiff and all other similarly situated employees and the compensation actually paid to such employees, are in the possession, custody and control of Defendant.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

Plaintiff readopts and realleges all allegations contained in Paragraphs 1 through 12 above.

14.     Plaintiff is entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of forty (40) per work week. All similarly situated employees are similarly owed their overtime rate for each overtime hour they worked and were not properly paid.

15.     By reason of the said intentional, willful and unlawful acts of Defendant, all Plaintiffs (Plaintiff and those similarly situated to him) have suffered damages plus incurring costs and reasonable attorney's fees.

16.     As a result of Defendant's willful violation of the Act, all Plaintiffs (Plaintiff and those similarly situated to him) are entitled to liquidated damages in an equal amount to that set forth in Paragraph 13 above.

17.     Plaintiff demands trial by jury.

WHEREFORE, for work weeks beginning on or after February 1998, Plaintiff and those similarly situated to him who have or will opt into this action, demand judgment against Defendant for the wages and overtime payments due them for the hours

-4-

-5-

worked by them for which they have not been properly compensated, liquidated damages and reasonably attorney's fees and costs of suit, and for all proper relief including prejudgment interest.

DATED THIS 26th day of January 2001.

Respectfully submitted,<br>
GREGORY S. PARKER<br>
<br>
_____<br>
Gregory S. Parker<br>
Florida Bar No. 441953<br>
P.O. Drawer 509<br>
Perry, Florida  32348<br>
(850) 223-1990<br>
Facsimile: (850) 223-1991<br>
Attorney for Plaintiff

## NOTICE OF CONSENT

The undersigned, MICHAEL E. MALL, hereby consents, pursuant to 29 U.S.C. § 216(b), to become a party plaintiff in this action and to be represented by GREGORY S. PARKER.

DATED this 26th day of January 2001.

_____
MICHAEL E. MALL

1401 N. Johnson Stripling Rd
_____

Perry, Fla. 32347
_____
Address

(850) 875-4651
_____
Daytime Phone

(850) 584-4067
_____
Evening Phone